UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Ticked Off, Inc.

    v.                                            Case No. 19-cv-627-AJ
                                                  Opinion No. 2019 DNH 182

TickCheck, LLC, et al.

## MEMORANDUM ORDER

The plaintiff, Ticked Off, Inc. ("TOI"), alleges that TickCheck, LLC ("TickCheck") and other defendants committed acts of trade dress infringement, copyright infringement, unfair competition, and deceptive trade practices in violation of federal and state law by manufacturing tick removal devices that were identical to its own product. TickCheck moved to dismiss this action under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and 12(b)(6) for failure to state a claim. Doc. no. 25. TOI objected. Doc. no. 39. TOI also moved for jurisdictional discovery. Doc. no. 38. For the reasons that follow, the motion for jurisdictional discovery is granted in part and denied in part. TickCheck's motion to dismiss is denied without prejudice.

## Standard of Review

The First Circuit has "long held that a diligent plaintiff who sues an out-of-state corporation and who makes out a

colorable case for the existence of *in personam* jurisdiction *may* well be entitled to a modicum of jurisdictional discovery if the corporation interposes a jurisdictional defense." United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 625 (1st Cir. 2001) (emphasis in original) (internal quotation marks and citation omitted).  Diligence "includes the obligation to present facts to the court which show why jurisdiction would be found if discovery were permitted." Id. at 626.  The party seeking discovery should also detail "additional pertinent avenues of inquiry" that it will pursue. Id. (citation omitted).  Even after the diligence and colorable case requirements have been met, the court has "broad discretion to decide whether discovery is required." Id. at 625-26 (citation omitted).

## **Relevant Background**

TOI manufactures and sells a tick removal device known as the "Ticked Off" (the "Device"). See doc. no. 1.  TOI alleges that TickCheck sells a product that "replicates and copies" the Device "exactly and in all respects." See id.  TOI has not granted TickCheck any right to manufacture or sell a tick remover that copies or uses the trade dress of the Device. See id.

TOI's first theory of personal jurisdiction turns on the in-state effect of TickCheck's alleged out-of-state

infringement.  TOI is a New Hampshire corporation, which maintains its corporate offices at 99 Spruce Lane in Dover, New Hampshire.  See id.  TickCheck is a Pennsylvania LLC with its principal place of business at 562 Independence Road in East Stroudsburg, Pennsylvania.  See id.  Since 1994, TOI has designed, manufactured, and marketed the Device exclusively from its business location in New Hampshire.  See doc. no. 38.  The packaging of the Device reads "Made in New Hampshire."  See id.  The Device's packaging identifies its producer as "Ticked Off Inc., 99 Spruce Lane, Dover, NH 03280."  See id.  TOI's website identifies New Hampshire as the source of the Device.  See id.  The Device was subject to a utility patent (5,595,569), which stated that the owner of the patent was from Dover, New Hampshire.  See id.  TOI asserts that because TickCheck's product is an exact copy of the Device, it must have purchased the Device and reverse engineered it.  See id.  Therefore, TOI contends, TickCheck had actual or constructive knowledge that the Device was manufactured in New Hampshire and that the effect of its actions would be felt by TOI in New Hampshire.  See id.

TOI's second ground for personal jurisdiction relies on evidence that at least one of TickCheck's devices has reached New Hampshire.  See id.  TOI argues that an Amazon review by a user whose profile lists her location as "Danville, NH" demonstrates that it was purchased by a customer in New

3

Hampshire. See doc. nos. 38 & 38-5. From this fact, TOI concludes that TickCheck markets its device nationally through Amazon, including to New Hampshire. See doc. no. 38.

Based on these two arguments, TOI asserts that it has satisfied the criteria for jurisdictional discovery. See id. Substantively, TOI seeks information regarding TickCheck's internal discussions leading to its alleged manufacturing of the copycat device, TickCheck's actual sales in New Hampshire, and TickCheck's relationship with Amazon. See id. TOI requests interrogatories, document requests, and two depositions. See id.

## Discussion

The plaintiff bears the burden of demonstrating that personal jurisdiction exists. See A Corp v. All Am. Plumbing, Inc., 812 F.3d 54, 58 (1st Cir. 2016). "To establish personal jurisdiction in a diversity case, a plaintiff must satisfy both the forum state's long-arm statute and the Due Process Clause of the Fourteenth Amendment." C.W. Downer & Co. v. Bioriginal Food & Sci. Corp., 771 F.3d 59, 65 (1st Cir. 2014) (citation omitted). As New Hampshire's long-arm statute "reaches to the full extent that the Constitution allows," the court's sole inquiry is whether exercising personal jurisdiction would comport with due process. Phillips Exeter Acad. v. Howard

Phillips Fund, 196 F.3d 284, 287 (1st Cir. 1999). Due process requires that a defendant have sufficient "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted).

Though a federal court may exercise general or specific personal jurisdiction over a defendant, in this case only specific jurisdiction is at issue. To establish specific personal jurisdiction, a plaintiff must demonstrate that (1) its claim "directly arises out of or relates to the defendant's forum-state activities"; (2) "the defendant's contacts with the forum state represent a purposeful availment of the privilege of conducting activities in that state, thus invoking the benefits and protections of that state's laws and rendering the defendant's involuntary presence in that state's courts foreseeable"; and (3) "the exercise of jurisdiction is ultimately reasonable." Scottsdale Capital Advisors Corp. v. The Deal, LLC, 887 F.3d 17, 20 (1st Cir. 2018) (citation omitted).

## I. Diligence

Here, TOI has been diligent in its pursuit of jurisdictional discovery. The court may find a party's motion

5

for jurisdictional discovery diligent where the motion is filed simultaneously with its objection to a motion to dismiss or as part of the objection. See Grand Encampment of Knights Templar of U.S. v. Conference of Grand Masters of Masons in N. Am., Inc., No. 11-CV-463-JD, 2012 WL 33017, at *1 (D.N.H. Jan. 5, 2012) (finding that jurisdictional discovery motion filed at the same time as objection to motion to dismiss was timely); Nordica USA Corp. v. Ole Sorensen, 475 F. Supp. 2d 128, 134-35 (D.N.H. 2007) (holding that a request for jurisdictional discovery raised in objection was timely). Here, TOI filed its motion the same day that it filed its objection to TickCheck's motion to dismiss. Therefore, it acted diligently.

**II. Colorable Case for Jurisdiction**

While the court does not make a finding on personal jurisdiction at this stage of the proceedings, TOI has set out a colorable case. If proven, TOI's allegation of reverse engineering could support a finding of specific jurisdiction over TickCheck. For purposes of the relatedness prong, this claim appears to rely on the "effects" theory of personal jurisdiction. See New England Coll. v. Drew Univ., No. 08-CV-424-JL, 2009 WL 395753, at *2 (D.N.H. Feb. 17, 2009) ("Under that theory, a court may properly assert jurisdiction where a defendant has committed an act outside of the forum state that

6

was intended to and does in fact cause injury within the forum."); Calder v. Jones, 465 U.S. 783, 788 (1984). TOI relies on Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1 (1st Cir. 2009) to support its claim that relatedness can be found where an intentional business tort perpetrated outside of the forum state leads to an in-state injury. See doc. no. 38. TickCheck contends that Astro-Med's holding is limited to claims of tortious interference with contractual relations and does not apply in the trademark infringement context. See doc. no. 45. The court need not resolve the issue at this stage, as it would be premature to rule without allowing TOI an opportunity to further develop the record on its reverse engineering theory. Likewise, the purposeful availment and reasonableness prongs will depend on whether TOI can substantiate its allegation that TickCheck purchased the Device and intentionally copied it.

TOI also posits that jurisdictional discovery will allow it to gather evidence of TickCheck's sales in New Hampshire beyond the single alleged Amazon transaction. While "the act of passively placing an item in the stream of commerce with the expectation it will reach a particular state" does not subject "a defendant to that state's jurisdiction," TOI has demonstrated at least a "colorable" claim that TickCheck targeted New Hampshire and subjected itself to personal jurisdiction in this court. Hannah Int'l Foods, Inc. v. House of Thaller, Inc., No.

18-CV-52-AJ, 2018 WL 3827626, at *5 (D.N.H. Aug. 10, 2018).

## III. Form of Discovery

While TOI has succeeded in sketching "additional pertinent avenues of inquiry," it has failed to explain why depositions are necessary. Therefore, the request for depositions is denied without prejudice to seeking depositions if merited by TickCheck's responses to written discovery requests.

## Conclusion

While TOI's claims may ultimately fail if it cannot gather further evidence of personal jurisdiction, it has shown that it diligently asserted its rights and outlined a colorable case for jurisdiction. The court hereby grants TOI's motion as to interrogatories and requests for production of documents, and denies the motion as to depositions. TOI is limited to ten (10) interrogatories. TOI must propound its discovery requests by October 23, 2019. If this period of jurisdictional discovery impacts other case deadlines, the parties may file an appropriate motion to extend with the court. TickCheck's motion to dismiss (doc. no. 25) is denied without prejudice to refiling within 30 days after the close of jurisdictional discovery.

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

October 17, 2019

cc: James F. Laboe, Esq.
    Jeffrey C. Spear, Esq.
    Alexander J. Marek, Esq.
    Nicholas F. Casolaro, Esq.